## LYMAN v. THE BOSTON & MAINE RAILROAD.

A tenant in common, without joining his co-tenant in the action, may recover of a purchaser the price of his undivided part of the common property.

The declarations of an agent authorized to purchase property, made by him while acting as agent of the vendee in negotiations for a settlement with the vendor, are regarded as connected with and as forming a part of the business of his agency, and will bind his principal.

ASSUMPSIT, for the price of 284 cords of wood sold and delivered. The plaintiff and one Nutter owning, as tenants in common, the wood on a certain wood lot, the plaintiff sold to the defendants his portion. The whole quantity was cut, and drawn to one of the defendants' depots, where the greater part of it was divided. The defendants took away all they had purchased of the plaintiff, being 254 cords, and also about 30 cords which had not been divided, supposing that it all belonged to the plaintiff and was included within their purchase. None of the wood belonging to Nutter was sold, by him or by the plaintiff, to the defendants, and they did not understand that they were purchasing any undivided interest in the wood. The defendants requested the court to instruct the jury that the plaintiff could not recover for any portion of the undivided wood. The court denied this request, and instructed the jury that the plaintiff might recover for his undivided half of the 30 cords, and that Nutter need not be joined in the suit. The defendants excepted.

The plaintiff introduced evidence tending to show that one Perkins was the fuel agent of the defendants, and as such had the charge of purchasing the fuel for them; and, subject to the defendants' exception, the plaintiff was permitted to introduce a letter, written by Perkins, in relation to the wood in suit, some time after its purchase, and

also to put in evidence a conversation between him and Perkins, in relation to the amount of wood taken by the defendants, and where it was located, which conversation was some time after the purchase. The letter was written and the conversation had during negotiations for an adjustment of the account for the wood embraced in this suit; and the plaintiff contended, and the evidence tended to show, that in the letter and in conversation Perkins admitted certain facts material to the plaintiff's case. There was no evidence of the authority of Perkins to make any admissions in behalf of the defendants, except the fact that he was fuel agent.

The jury returned a verdict for the plaintiff, including in their assessment of damages the price of the plaintiff's undivided half of the excess above 254 cords.

*Wiggin & Fernald,* for the plaintiff.

*A. R. Hatch* and *John Hatch,* for the defendants.

FOSTER, J. The plaintiff contracted with the defendants for the sale of his own property in all the wood upon a certain lot of land ; and for all the property and interest of the plaintiff thus acquired by the defendants, they are liable under the contract. They purchased the plaintiff's half, as well that which was undivided as that which had been separated, at an agreed price by the cord, for the quantity, when ascertained.

A tenant in common may convey title, by sale, to so much of the common property as he owns. Without the authority of his co-tenant he can sell no more.

Nutter did not sell his undivided half to the defendants, and need not be joined as plaintiff. By the defendants' purchase of the plaintiff's undivided half, they became liable to him alone for the price of that half *( White* v. *Brooks,* 43 N. H. 402, 407), although they supposed they bought the whole of him.

The letter and statements of Perkins were declarations made by him while acting as agent of the defendants in negotiations for a settlement with the plaintiff.

" The ground upon which the acts or declarations of an agent are admitted in evidence to bind his principal is, that the agent has, directly or by reasonable implication from the nature of the business he is charged with, the instructions of his principal to perform those acts or to make those declarations ; that they form a part of the business he is employed to transact :—as, where an agent is employed to settle with laborers, his admission that a sum is due to one of them is evidence against his principal that such is the fact. 2 Stark. Ev. 57. Such an admission results fairly from the exigencies of the business the agent is employed to transact, and is clearly a part of it, and, to every intent, the act of the principal himself." *Batchelder* v. *Emery*

20 N. H. 165, 166; *Glidden* v. *Unity*, 33 N. H. 571, 578, 579; *Morse* v. *Conn. R. R. Co.*, 6 Gray 450; Story on Agency, *s.* 138.

*Judgment on the verdict.*

STANLEY, J. did not sit.